Opinion
 

 WALLIN, J.
 

 In this case, we decide an adopted child does not have standing to bring an action for the wrongful death of her biological mother and affirm summary judgment for defendants.
 

 Julia Phraner was bom February 18,1987, to Cathie Todd and taken home by her adoptive parents, the Phraners, two days later. By September, Julia’s adoption was final, but the Phraners agreed that Todd could maintain a relationship with Julia. Although Julia never lived with Todd, she did see her twice a year, and they exchanged letters and phone calls. Todd provided no financial support, nor was she expected to do so in the future.
 

 Todd died in August 1993 when she lost control of her motorcycle and was struck by a car. Julia joined Todd’s husband in bringing a wrongful death action against several defendants, including Cote Mart, Inc. Cote Mart moved for summary - judgment against Julia, claiming she did not have standing to assert a wrongful death action.
 

 A cause of action for wrongful death is created by Code of Civil Procedure section 377.60.
 
 [1]
 
 It provides in pertinent part: “A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons . . . : [H (a) The decedent’s surviving spouse, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse, who would be entitled to the property of the decedent by intestate succession.” Because an action for wrongful death is governed solely by statute, “the right to bring one is limited only to those persons described by the Legislature in section [377.60]. [Citations.] Absent a constitutional basis for departure from legislative intent, the courts of this state are bound
 
 *169
 
 by the statute’s provisions. [Citation.] The category of persons eligible to bring wrongful death actions is strictly construed.”
 
 (Marks
 
 v.
 
 Lyerla
 
 (1991) 1 Cal.App.4th 556, 559-560 [2 Cal.Rptr.2d 63].)
 

 Julia relies heavily on the 1992 repeal of section 377 and its reenactment as section 377.60, in which the term “heir” was replaced by “children.”
 
 [2]
 
 She asserts the change is indicative of legislative intent to include children previously adopted in the class of people permitted to bring a wrongful death action. But the legislative history and case law indicate otherwise. The change was intended to allow the children of a decedent to maintain an action for the wrongful death of a parent even though the parent’s entire estate was community property bequeathed to the surviving spouse. Essentially, those children who are not heirs only because the estate consists entirely of community property may now assert a claim.
 
 (Desplancke
 
 v.
 
 Wilson
 
 (1993) 14 Cal.App.4th 631, 635 [17 Cal.Rptr.2d 586].) The change in the language was not a broadening of the statute, but a mere clarification.
 

 Julia claims she is entitled to bring this wrongful death action because she is Todd’s child under the plain meaning of the word. Because section 377.60 does not define “children,” we look to Probate Code section 6451, which governs the effect of an adoption on the parent and child relationship.
 

 Probate Code section 6451 states, in pertinent part: “(a) An adoption severs the relationship of parent and child between an adopted person and a natural parent of the adopted person unless both of the following requirements are satisfied: [H (1) The natural parent and the adopted person lived together at any time as parent and child, or the natural parent was married to or cohabiting with the other natural parent at the time the person was conceived and died before the person’s birth. [^Q (2) The adoption was by the spouse of either of the natural parents or after the death of either of the natural parents.”
 

 Julia was placed for adoption at birth and taken home by the Phraners from the hospital. She and Todd never lived together as parent and child; neither Phraner was ever married to Todd or to Julia’s natural father; and Todd did not die before Julia’s birth. In short, Julia does not fit within the exception delineated above, and her parental relationship with Todd was severed by the adoption.
 

 
 *170
 
 Julia challenges the use of the Probate Code to define the parent-child relationship for purposes of standing to bring an action for wrongful death. She claims because she is Todd’s child, she qualifies under the first portion of section 377.60, subdivision (a) arid we need not look to the laws of intestate succession. But Julia misses the point. As we have explained, the statutory right to bring a wrongful death action under section 377.60, subdivision (a) is grounded in the right to inherit from the decedent. Thus, whether an adopted child is considered a child of her biological parent for purposes of intestate succession is highly relevant to the definition of “children” in section 377.60.
 

 Julia correctly asserts the “purpose behind the wrongful death statute is to provide compensation for the loss of companionship and other losses resulting from decedent’s death.”
 
 (Marks
 
 v.
 
 Lyerla, supra,
 
 1 Cal.App.4th at p. 561.) She suggests we judicially create standing in wrongful death actions for children who maintain a relationship with their biological parent even after adoption. However, Julia, “ Tike any number of other persons who, in particular cases, may suffer injury . . . and personal loss by the death of an individual, is without legal recourse absent specific statutory remedy.’ [Citation.]” (Le
 
 wis
 
 v.
 
 Regional Center of the East Bay
 
 (1985) 174 Cal.App.3d 350, 355 [220 Cal.Rptr. 89].) Granting standing to Julia would expand the category of people able to recover for the loss beyond that which was contemplated by the Legislature in drafting the statute. We decline to do so.
 
 [3]
 

 Julia claims the failure to give her standing violates the principle of equal protection. We disagree. “That constitutional doctrine is not intended ‘to make it necessary that the legislature, when conferring new rights of action upon particular classes of citizens for injuries not previously actionable, should by the same act declare that all persons who may suffer damages from injuries of that character shall also have such right of action. . . . The decision of the legislature as to how far it will extend the new right is conclusive, unless it appears beyond rational doubt that an arbitrary discrimination between persons or classes similarly situated has been made without any reasonable cause therefor.’ [Citations.]”
 
 (Justus
 
 v.
 
 Atchison
 
 (1977) 19 Cal.3d 564, 580-581 [139 Cal.Rptr. 97, 565 P.2d 122], overruled on other grounds in
 
 Ochoa
 
 v.
 
 Superior Court
 
 (1985) 39 Cal.3d 159, 171 [216 Cal.Rptr. 661, 703 P.2d 1].) We do not find it irrational that the
 
 *171
 
 Legislature prohibits a child adopted by others to recover for the wrongful death of his or her biological mother. The argument fails.
 

 Julia’s adoption by the Phraners severed her parent-child relationship with Todd. She was not Todd’s child within the meaning of section 377.60, and does not have standing to bring a wrongful death action for Todd’s death.
 

 The judgment is affirmed.
 

 Sills, P. J., and Rylaarsdam, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied August 27, 1997.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless otherwise noted.
 

 [2]
 

 Former section 377 read in pertinent part: “When the death of a person is caused by the wrongful act or neglect of another, his or her
 
 heirs .
 
 . . may maintain an action for damages against the person causing the death . . . .” (Italics added.)
 

 [3]
 

 Other states addressing this issue generally reach the same result. (See, e.g.,
 
 Matter of Estate of Renaud
 
 (1993) 202 Mich.App. 588 [509 N.W.2d 858];
 
 Johnson
 
 v.
 
 Parrish
 
 (1981) 159 Ga.App. 613 [284 S.E.2d 111];
 
 Wasley
 
 v.
 
 Brown
 
 (E.D.Va. 1961) 193 F.Supp. 55. Contra,
 
 Fillingame
 
 v.
 
 Patterson
 
 (S.D.Miss. 1988) 704 F.Supp. 702 [Mississippi statute allows adopted children to inherit from both adoptive and natural parents];
 
 In re Silverstein’s Estate
 
 (1966) 48 Misc.2d 1029 [266 N.Y.S.2d 553] [adopted child entitled to inherit from natural father under New York statute].)