[No. B142396. Second Dist., Div. Seven. Aug. 22, 2001.]

DIXIE JANE FRAIZER, Plaintiff and Appellant, v.
HYMAVATHI VELKURA et al., Defendants and Respondents.

■■■■■■■■■■■■■■■■■■■

## COUNSEL

Belgum & Associates, Stephen L. Belgum and Edwin B. Warren for Plaintiff and Appellant.

Carroll, Kelly, Trotter, Franzen & McKenna, John C. Kelly and Joseph J. Looney for Defendant and Respondent Hymavathi Velkura.

## OPINION

**LILLIE, P. J.**—Dixie Jane Fraizer (Fraizer) appeals from judgment entered following order granting summary judgment in favor of defendant Hymavathi Velkura, M.D. (Velkura). She contends the trial court erroneously granted summary judgment in that she had standing to assert the claim for the wrongful death of her granddaughter.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Julia Marie Fraizer-Calderon (Fraizer-Calderon) was born on June 7, 1994, with a serious congenital neurological disorder, hydranencephaly, and congenital blindness due to bilateral optic nerve hypoplasia. She was freed for adoption by the Los Angeles Superior Court on January 21, 1997, as a result of the permanent termination of parental rights. Fraizer was the grandmother and guardian of the minor child, and was just weeks away from the finalization of adoption proceedings through the Los Angeles County Department of Children and Family Services (the Department) when Fraizer-Calderon died on January 13, 1998.

On January 12, 1999, Fraizer filed in superior court a complaint for damages against Velkura for the wrongful death of Fraizer-Calderon, medical negligence and fraud.[1] Velkura filed a motion for summary judgment asserting, inter alia, that Fraizer had no standing as a plaintiff in this action. Said motion was granted.

### DISCUSSION

■ "Summary judgment is appropriate if all the papers submitted show that there is no triable issue as to any material fact and that the moving party

---

[1] It was alleged that Fraizer-Calderon died from symptoms originating as a cold, fever and ear infection.

is entitled to judgment as a matter of law. [Citation.] [¶] ' "A defendant seeking summary judgment has met the burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action cannot be established [or that there is a complete defense to that cause of action]. . . . Once the defendant's burden is met, the burden shifts to the plaintiff to show that a triable issue of fact exists as to that cause of action. . . . In reviewing the propriety of a summary judgment, the appellate court independently reviews the record that was before the trial court . . . . We must determine whether the facts as shown by the parties give rise to a triable issue of material fact. . . . In making this determination, the moving party's affidavits are strictly construed while those of the opposing party are liberally construed." . . . We accept as undisputed facts only those portions of the moving party's evidence that are not contradicted by the opposing party's evidence. . . . In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences therefrom must be accepted as true.' [Citation.]" (*Cheyanna M. v. A.C. Nelsen Co.* (1998) 66 Cal.App.4th 855, 860-861 [78 Cal.Rptr.2d 335].)

 Appellant argues that she has standing to pursue the instant action against Velkura since she was the grandmother of Fraizer-Calderon and just weeks away from adopting her when she died.

 "Since an action for wrongful death in California is governed solely by statute, the right to bring one is limited only to those persons described by the Legislature . . . . [Citations.] Absent a constitutional basis for departure from legislative intent, the courts of this State are bound by the statute's provisions. [Citation.] The category of persons eligible to bring wrongful death actions is strictly construed. [Citation.]" (*Marks v. Lyerla* (1991) 1 Cal.App.4th 556, 559-560 [2 Cal.Rptr.2d 63].) "The decision of the Legislature as to how far it will extend the right to maintain a wrongful death action is conclusive regardless of the unusual allegations. [Citations.] [¶] . . . The purpose behind the wrongful death statute is to provide compensation for the loss of companionship and other losses resulting from decedent's death. [Citation.]" (*Marks v. Lyerla, supra*, 1 Cal.App.4th at p. 561.)

 Code of Civil Procedure section 377.60 provides in relevant part, "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: [¶] (a) The decedent's surviving spouse, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse, who would be entitled to the property of the decedent by intestate succession."

Probate Code section 6402 governs intestate succession and provides: "Except as provided in [Probate Code section] 6402.5, the part of the intestate estate not passing to the surviving spouse under [Probate Code section] 6401, or the entire intestate estate if there is no surviving spouse, passes as follows: [¶] (a) To the issue of the decedent . . . . [¶] (b) If there is no surviving issue, to the decedent's parent or parents equally. [¶] (c) If there is no surviving issue or parent, to the issue of the parents or either of them . . . . [¶] (d) If there is no surviving issue, parent or issue of a parent, but the decedent is survived by one or more grandparents . . . to the grandparent or grandparents equally . . . ."

Respondent asserts and appellant agrees that the decedent's birth parents' parental rights were terminated at a hearing pursuant to Welfare and Institutions Code section 366.26 and decedent was freed for adoption. Respondent also argues, without authority, that as a result of the termination of parental rights, Fraizer's relationship of a grandmother was also terminated. We disagree.

The order terminating the parent and child relationship divested the parent and child of all legal rights and powers with respect to each other but made no mention of grandparents. On its face, the termination order had no effect on the legal rights with respect to the child and her grandmother. (See *Matter of Baby Girl D.S.* (D.C. 1991) 600 A.2d 71, 84.)

In her motion for summary judgment and supporting authority, respondent claimed the case of *Lewis v. Regional Center of the East Bay* (1985) 174 Cal.App.3d 350 [220 Cal.Rptr. 89] was directly on point, but we disagree. In *Lewis* the grandparents of a minor decedent attempted to bring a wrongful death action because they had been declared the legal guardians of their deceased grandchild. The court concluded the grandparent had no standing to bring the action because the child's natural parents and a half brother were alive even though the child's parents and half brother had signed disclaimers waiving any interest in the minor's estate. The court determined that a disclaimer of interest did not also carry a waiver of all other indices of heirship. (*Id.* at p. 354.)

In the present case, the parents were parents no longer. As a result of the order terminating parental rights, the court permanently terminated all parental rights and obligations of parents to child, and all rights and obligations of the child to the parents. "The proceedings to declare a child free from parental control . . . contemplate . . . the severance of the relationship between the child and its parent or parents." (*In re Zimmerman* (1962) 206 Cal.App.2d 835, 843 [24 Cal.Rptr. 329].)

In her brief on appeal, respondent takes an opposite tack and argues that since termination of parental rights caused Fraizer-Calderon to be "a legal orphan" until adoption, it operated as "a universal termination of all legal bonds between the child and the birth family," including the child and the grandparents. Respondent's reliance on *In re Devin M.* (1997) 58 Cal.App.4th 1538, 1541 [68 Cal.Rptr.2d 666], *In re Nachelle S.* (1996) 41 Cal.App.4th 1557 [49 Cal.Rptr.2d 200], *In re Jasmine J.* (1996) 46 Cal.App.4th 1802, 1806-1808 [54 Cal.Rptr.2d 560], and *In re Gary P.* (1995) 40 Cal.App.4th 875 [46 Cal.Rptr.2d 929], to support this argument is misplaced. Those cases do not stand for the proposition that "freeing a minor for adoption severs all legal relationships between the minor and her birth family, including the minor's grandparents," but rather hold that an appellant cannot urge errors which affect only another party who does not appeal. That is, a mother whose parental rights have been terminated or will be terminated does not have standing to raise the issue of the minor's visitation with siblings or grandparents because the parent was not aggrieved.

In conclusion, we find that the order of the court terminating parental rights had no effect on the relationship of Fraizer-Calderon and her grandmother Fraizer and the court erred in granting the motion for summary judgment.

DISPOSITION

The judgment is reversed. Appellant is entitled to costs on appeal.

Johnson, J., and Woods, J., concurred.