[No. B171528. Second Dist., Div. Eight. Mar. 3, 2005.]

KALESHA S. JACKSON, a Minor, etc., Plaintiff and Appellant, v. TERRENCE FITZGIBBONS, Defendant and Respondent.

**COUNSEL**

Benjamin Fogel, Inc., and Benjamin Fogel for Plaintiff and Appellant.

La Follette, Johnson, De Haas, Fesler & Ames, Louis H. De Haas, Mark B. Guterman and David J. Ozeran for Defendant and Respondent.

## OPINION

**FLIER, J.**—This is a wrongful death action for alleged medical negligence brought by Kalesha S. Jackson,[1] through her guardian ad litem against respondent Terrence Fitzgibbons, M.D., arising out of the death of Kalesha's natural mother. The court granted respondent's motion for summary judgment on the ground that Kalesha had no standing to bring an action under Code of Civil Procedure section 377.60[2] because the juvenile court had terminated all rights between Kalesha and her natural mother prior to the latter's death. We affirm.

### FACTS

The basic facts are not in dispute. Kalesha Jackson is the natural child of Nicole Cochran, who was not married to Kalesha's natural father. Nicole Cochran's parental rights as to Kalesha were terminated by the juvenile court on October 18, 1999. Nicole Cochran died on March 3, 2001, after her parental rights had been terminated but before Kalesha's adoption by her uncle, Ronald Jackson, on July 11, 2001. Kalesha began living with her adoptive father in 1997 and has lived with him since.

### PROCEDURAL HISTORY

The present action was filed on February 19, 2002. Respondent moved to dismiss the action for lack of standing based solely upon Ronald Jackson's deposition testimony. Ronald Jackson testified he adopted Kalesha in June or July 2001 and that Nicole Cochran lost her parental rights in 1999 or 2000, after she "came up dirty on a drug test." He further testified that Kalesha came to live with him in 1997, when she was six years old, and had lived with him ever since. The trial court denied respondent's motion without prejudice on May 15, 2003.

On July 29, 2003, respondent filed a motion for summary judgment on the grounds that Kalesha did not have standing to bring a wrongful death action because her natural mother's parental rights were terminated on October 18,

---

[1] We note that appellant's given name is spelled Ka'Leesha, but we use the name as spelled on appellant's complaint.

[2] Code of Civil Procedure section 377.60 provides, in pertinent part: "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: [¶] (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession."

1999. In support of the motion, in addition to providing Ronald Jackson's deposition testimony, respondent asked the court to take judicial notice of the juvenile court's order of October 18, 1999, terminating Nicole Cochran's parental rights, together with the order of adoption and court report of adoption. The order terminating parental rights declared Kalesha "free from the custody and control" of her parents and transferred her care, custody and control to the Department of Children and Family Services for adoptive planning and placement. The order of adoption showed that Kalesha was adopted by Ronald Jackson on July 11, 2001.

Kalesha opposed summary judgment on the ground that although the order terminating parental rights terminated Nicole Cochran's rights, privileges, duties and obligations to Kalesha, it "did not terminate the rights and privileges 'which the law confers' on Kalesha . . . , pursuant to [Code of Civil Procedure section] 377.60 to bring the instant [w]rongful [d]eath [a]ction."

On October 20, 2003, the court granted respondent's motion for summary judgment, finding no triable issue of fact in this matter. On the same date, the court issued an order granting summary judgment, stating: "An Order terminating the decedent's parental rights was entered on October 18, 1999. That Order terminated the legal parent-child relationship between the decedent and the Plaintiff herein. As a result, the Plaintiff has no standing to maintain this action for wrongful death pursuant to Code of Civil Procedure [section] 377.60." (Underscoring omitted.)

Kalesha prematurely appealed from the "[j]udgment," i.e., order, granting respondent's motion for summary judgment on November 3, 2003. The court subsequently entered a judgment on November 5, 2003.[3]

## STANDARD OF REVIEW

■    We independently review the record before the trial court to determine whether the facts shown by the parties raise a triable issue of material fact. (*Fraizer v. Velkura* (2001) 91 Cal.App.4th 942, 945 [110 Cal.Rptr.2d 918] (*Fraizer*); *Cheyanna M. v. A.C. Nielsen Co.* (1998) 66 Cal.App.4th 855, 861 [78 Cal.Rptr.2d 335].)

## DISCUSSION

■    Welfare and Institutions Code section 366.26 provides the exclusive procedures for permanently terminating the parental rights of a child who has

---

[3] Contrary to respondent's contention, the premature appeal is timely. (Cal. Rules of Court, rule 2(e)(2) [reviewing court may treat notice of appeal filed "after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment"]; *Risam v. County of Los Angeles* (2002) 99 Cal.App.4th 412, 419, fn. 2 [121 Cal.Rptr.2d 267].)

been declared a dependant child of the juvenile court. (*County of Ventura v. Gonzales* (2001) 88 Cal.App.4th 1120, 1124 [106 Cal.Rptr.2d 461] (*Gonzales*).)

Our colleagues in Division Seven have addressed the effect of a termination of parental rights on a person's standing to maintain a wrongful death action. (*Fraizer, supra,* 91 Cal.App.4th 942.) In *Fraizer,* the superior court freed a minor for adoption and entered an order terminating parental rights on January 21, 1997, and the minor died as a result of alleged medical negligence on January 13, 1998. When she died, the child was within weeks of being adopted by her grandmother, who later sought to bring a wrongful death suit. (*Id.* at p. 944.) The court held that although the order terminating parental rights affected the rights of the child's parents, it did not affect the rights of the child's grandparents: "The order terminating the parent and child relationship divested the parent and child of all legal rights and powers with respect to each other but made no mention of grandparents." (*Id.* at p. 946.)

With respect to the parents, *Fraizer* noted, "the parents were parents no longer. As a result of the order terminating parental rights, the court permanently terminated all parental rights and obligations of parents to child, and all rights and obligations of the child to the parents. 'The proceedings to declare a child free from parental control . . . contemplate . . . the severance of the relationship between the child and its parent or parents.' " (*Fraizer, supra,* 91 Cal.App.4th at p. 946, quoting *In re Zimmerman* (1962) 206 Cal.App.2d 835, 843 [24 Cal.Rptr. 329].)

■ An order terminating parental rights severs the parent-child relationship and extinguishes all rights and obligations between the child and his or her parents. "An order terminating parental rights is not itself an adoption decree, but it frees the child from the custody and control of the birth parents as an interim step in the adoption process. ([Welf. & Inst. Code,] § 366.26, subds. (e) & (j).) The termination order 'shall be conclusive and binding . . . upon the parent or parents,' and, subject to the parents' right of appeal, '[a]fter making the order, the court shall have no power to set aside, change, or modify it.' ([Welf. & Inst. Code,] § 366.26, subd. (i).)" (*Gonzales, supra,* 88 Cal.App.4th at p. 1123.) The termination order frees the child for adoption and extinguishes the child's ties to his or her biological parents to enable the child to become a member of a new, stable family. (*Ibid.*) An order terminating parental rights, therefore, " ' "represents the total and irrevocable severance of the bond between parent and child." ' " (*Ibid.*)

■ In California, an action for wrongful death is governed solely by statute, and the right to bring such an action is limited to those persons identified therein. (*Phraner v. Cote Mart, Inc.* (1997) 55 Cal.App.4th 166,

168–169 [63 Cal.Rptr.2d 740] (*Phraner*).) Code of Civil Procedure section 377.60, subdivision (a) provides that a cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by "any of the following persons" or by the decedent's personal representative on his or her behalf: "The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession." Since the termination order freed Kalesha for adoption and extinguished her ties to her biological parent, Kalesha is no longer considered to be the child of Nicole Cochran, and thus she has no standing to bring a wrongful death action.

■ Our holding is consistent with the purpose of the wrongful death statute, which is to compensate for the loss of companionship and for other losses to specified persons as a result of the decedent's death. (*Phraner, supra,* 55 Cal.App.4th at p. 170.) When the rights between parent and child have been terminated, such as in this case, the child no longer has any expectation or right of recovery for loss of the comfort, society, companionship or support of the parent. (*Ibid.*; *Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 789, fn. 6 [6 Cal.Rptr.3d 650] [statute limits right of recovery to class of persons presumed injured because of their relation to decedent].)

■ Respondent argues that it is the termination of parental rights, rather than the subsequent adoption, that ends the parent-child relationship. We agree. Welfare and Institutions Code section 366.26 is "the exclusive vehicle for terminating parental rights when a child has been declared a dependent of the juvenile court." (*Gonzales, supra,* 88 Cal.App.4th at p. 1124.) An order terminating parental rights terminates the parental duty of support, and it also terminates all rights of the parent in and to the child as well as the rights of the child in and to the parent. (*Id.* at p. 1123.)

■ In her opening brief, Kalesha suggests she has a separate basis for standing under sections 6450, 6451 or 6402 of the Probate Code. However, those statutes do not purport to deal with cases as this one when there has been an intervening " 'conclusive and binding' " court order providing for a " ' "total and irrevocable severance" ' " of the bond between parent and child. (*Gonzales, supra,* 88 Cal.App.4th at p. 1123.) The purpose of Probate Code section 6450 is to provide that the marital status of the parents is not relevant in determining a child's right to intestate succession, eliminating the distinction between "legitimate" and "illegitimate" children. (*Lozano v. Scalier* (1996) 51 Cal.App.4th 843, 846 [59 Cal.Rptr.2d 346].) Probate Code section 6451, subdivision (a) provides the rules for intestate succession for persons who have been adopted, including persons whose parents have voluntarily

relinquished them.[4] (See, e.g., Prob. Code, § 6451, subd. (a) ["An adoption severs the relationship of parent and child between an adopted person and a natural parent," unless certain requirements are satisfied].) While Probate Code section 6402 lists "the issue of the decedent" among those who can inherit by intestate succession, Kalesha no longer is considered the "issue" of Nicole Cochran as a result of the terminating order.

## DISPOSITION

The judgment is affirmed. Each party is to bear his or her own costs on appeal.

Cooper, P. J., and Rubin, J., concurred.

---

[4] Kalesha had not been adopted at the time of Nicole Cochran's death. At oral argument, Kalesha's counsel conceded that Probate Code section 6451 does not directly apply to this case and argued the issue on appeal concerns the meaning and effect of the order terminating parental rights.