Filed 6/15/23  Placer County Dept. of Child Support Services v. Barnes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| PLACER COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TROY BARNES,<br><br>Defendant and Respondent;<br><br>REBEKAH LYNN PASCIUTI,<br><br>Appellant. | C095703<br><br>(Super. Ct. No. SFS0027167) |

Rebekah Lynn Pasciuti, representing herself, appeals from a final order establishing custody and visitation for the minor child Pasciuti shares with respondent Troy Barnes.  Appellant Pasciuti filed a lengthy opening brief expressing her frustration

1

with respondent, the trial court, and the judicial process. She has failed to meet her burden to show error on appeal; accordingly, we affirm the order.

## BACKGROUND

The parties were never married to each other and had a child together, now age 10. In June 2020, appellant filed a request for order in the trial court, seeking to modify custody, visitation, and child support. She requested sole physical custody of the child, with visitation and joint legal custody to Barnes. This was a change from the existing order, which had given Barnes "temporary physical custody" of the child.

The family court heard appellant's request for an order on July 6, 2021. Appellant and Barnes were present; neither was represented by counsel. At the hearing, the court heard testimony from appellant, Barnes, and two witnesses presented by Barnes. The court also considered its own record along with written evidence. There was a mediator's report with recommendations regarding custody, but the report was not received into evidence, so the court did not consider it.

In summarizing the evidence, the family court found appellant was currently living in California with the father of her second child. Their relationship included "events of domestic violence," and appellant was without support from her own family. Barnes, however, had "close and extensive family support." He had been living in Arizona with the child; he had "adequate living arrangements," kept the child in school, and was able to support the child financially. The court determined it was in the child's best interest to live with Barnes and awarded him sole physical and legal custody.

The family court established a visitation plan for appellant that included visitation in her own home for 30 days in the upcoming summer and two weeks during the Christmas holiday. Further, appellant was permitted to visit the child in Arizona as often as she would like, for no more than four days at a time, providing she gave Barnes sufficient (10 days) notice.

Regarding appellant's request for an order of support, the family court found the request "moot," stating: "Combined with the paucity of evidence presented at the hearing by either party regarding relative living expenses and income this court is unable to fully evaluate any child support request" and adding that, in any event, any child support "would be de-minimus." The court described its ruling as a final order.

Pasciuti timely appealed from this order; after multiple continuances, her opening brief was filed on January 30, 2023, and no responsive brief was filed after time for filing had expired. The case was assigned to this panel on April 5, 2023.

DISCUSSION

Appellant makes several claims, but all are unsupported by record citations and cogent legal arguments with citation to relevant authority. Thus, as we next explain, the claims fail.

It is a fundamental principle of appellate procedure that a trial court's order or judgment is ordinarily presumed to be correct, and the burden is on an appellant to affirmatively demonstrate that the court committed an error that justifies reversal of the order or judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.) To affirmatively show that error occurred, an "appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 ["appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority"].) "[C]onclusory claims of error will fail." (*In re S.C.*, at p. 408.)

Self-represented litigants are held to the same standards as attorneys and must comply with the rules of procedure. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

3

Appellant first contends the family court did not give her sufficient time to present her case. Her contention, however, is not supported with relevant or meaningful citations to the record or legal authority. Nor does she present a cogent legal argument for why the court's decision not to extend the hearing beyond one day was error. "We are not bound to develop appellant['s] arguments for her. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke, supra*, 164 Cal.App.4th at p. 830; see *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 [" 'This court is not inclined to act as counsel for . . . appellant and furnish a legal argument as to how the trial court's rulings . . . constituted an abuse of discretion' "]; *People ex rel. Dept. of Alcoholic Beverage Control v. Miller Brewing Co.* (2002) 104 Cal.App.4th 1189, 1200 ["appellant must present a factual analysis and legal authority on each point made or the argument may be deemed waived"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [when an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as waived].)

Appellant also claims there is insufficient evidence to support the family court's ruling. Again, however, she fails to support her claim with a cogent legal argument, including relevant citations to legal authority and the record. Accordingly, for the reasons we have explained, *ante*, this claim also is deemed waived. Appellant's claims of judicial misconduct suffer similar deficiencies. She asserts several perceived wrongdoings by the court but fails to cite to relevant portions of the record or relevant legal authority and thus does not present meaningful legal analysis for us to review. As a result, she has waived these claims as well.

Within the heading that the family court lacked sufficient evidence for its ruling, appellant also claims that court wrongly terminated her parental rights. But appellant's parental rights were not terminated. An order terminating parental rights "severs the parent-child relationship and extinguishes all rights and obligations between the child and

4

his or her parent." (*Jackson v. Fitzgibbons* (2005) 127 Cal.App.4th 329, 334.)  Although appellant does not have *custody* of the child, she continues to be the child's legal parent, and has also been awarded extensive visitation.  Further, she is not precluded from seeking to modify the custody order should the requirements to do so be met.  (See *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256 [a final custody order can be modified upon a showing of changed circumstances].)

In sum, appellant has failed to meet her burden of preserving and presenting her claims for review on appeal.  She cannot show error, and we affirm the order accordingly.[1]

DISPOSITION

The family court's order is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Earl, J.

---

[1] On April 3, 2023, appellant filed a motion to augment the record on appeal.  That motion is denied, as the consideration of these materials is not necessary to our determination on appeal.