Filed 10/6/23

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES


| | | |
|---|---|---|
| DUANE R. FOLKE, | ) | BV 033781 |
| | ) | |
| Plaintiff and Appellant, | ) | Spring Street Trial Court |
| | ) | |
| v. | ) | No. 21STCP02576 |
| | ) | |
| CAROL PULLIAM, | ) | **OPINION** |
| | ) | |
| Defendant and Respondent. | ) | |
| | ) | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Katherine Chilton, Judge. Reversed.

Duane R. Folke, self represented, for Plaintiff and Appellant.

Carol Pulliam, self represented, for Defendant and Respondent.


\*        \*        \*

Appellant Duane R. Folke appeals from the judgment entered after the trial court denied his petition to vacate an award following arbitration of an attorney-client fee dispute and granted respondent Carol Pulliam's petition to confirm the award. The court found it lacked jurisdiction due to Folke's failure to serve the petition to vacate pursuant to the Mandatory Fee Arbitration Act (Bus. & Prof. Code, 6200 et seq., hereafter "MFAA"), and it rejected Folke's plea for equitable relief from the statutory deadline. As explained below, we reverse the judgment and remand for the court to determine in the first instance whether equitable considerations excused Folke's failure to timely serve the petition.

## BACKGROUND

Folke, an attorney, was retained by Pulliam to assist Attorney Wole Akinyemi in the prosecution of Pulliam's employment discrimination lawsuit. The written retainer agreement provided for Folke to perform specified tasks, and for Pulliam to pay Folke a retainer of $11,700, billable at the rate of $350 per hour. Pulliam paid the full amount and later sought return of the money paid. The dispute was presented to a nonbinding arbitration proceeding pursuant to the MFAA. According to the parties, Folke, who was being treated for cancer, unsuccessfully sought to postpone the arbitration hearing.[1]

The matter was heard by the arbitrator on May 6, 2021, where Pulliam was represented by Akinyemi, and Folke was self-represented. All parties appeared via video conference, and both Folke and Pulliam provided their sworn testimony. On May 12, 2021, the arbitrator issued a statement of decision finding Pulliam was entitled to recover all fees paid to Folke. The decision was served upon the parties on May 12, 2021.

On August 9, 2021, Folke filed a petition to vacate the arbitration award and attached thereto various documentation. Pulliam filed a written opposition to the petition on November 29, 2021. A hearing on the petition took place on December 13, 2021, where both parties

---

[1]A letter from Folke's treating physician stated that Folke was unable to participate in any legal proceedings until August 21, 2021, due to his cancer treatment.

appeared as self-represented litigants. The hearing was continued to January 19, 2022, to afford Folke more time to provide proof of service of the petition.[2]

On January 12, 2022, Folke filed a response concerning service of the petition. Folke asserted in his attached declaration that on August 17, 2021, after filing the petition, he sent a copy of the documents to Akinyemi's law office via first-class mail; on September 17, 2021, he learned that Akinyemi no longer represented Pulliam; he attempted to serve Pulliam using Federal Express at her last known address; and no further proof of service was necessary because Pulliam had actual notice of the action as revealed by her filing an opposition. Folke also provided to the court two proofs of service documents. The first document was a photocopy of a receipt dated August 17, 2021, with a tracking number for express delivery via the United States Postal Service, to an unspecified address in the City of Riverside. The second document was proof of service of summons by a registered process server showing service by personal delivery on September 15, 2021, at Akinyemi's office and in care of Pulliam. Alternatively, Folke requested the court balance the equities of the parties, deem the petition to be timely served, and adjudicate the merits of the petition.

At the January 19, 2022 hearing, Folke represented the summons was delivered to Akinyemi's office on August 18, 2021, at 12:25 p.m. The court continued the hearing again for Folke to submit a declaration regarding delivery of the mailing.

Prior to the March 28, 2022 hearing, Pulliam filed a declaration of Akinyemi.[3] The court granted Folke's request to take judicial notice that a package sent by Folke was delivered to Akinyemi's office on August 18, 2022, but it declined to take notice that the package necessarily contained Folke's petition to vacate. The court denied Folke's motion to vacate and

---

[2]Folke informed the court but provided no supporting evidence that service was first effectuated upon Akinyemi, via a process server who refused to submit proof of service.

[3]Akinyemi's March 15, 2022 declaration is not included in the record on appeal.

granted Pulliam's motion to confirm the award.[4]  The court did not reach the merits of the petition to vacate on the ground it lacked jurisdiction due to the petition not being timely served.  The court found service of the petition was required to be completed no later than August 20, 2021, service by mail was unauthorized under the relevant statutes, and the purported personal service executed on September 15, 2021 plainly exceeded the jurisdictional deadline set by statute.  The court also rejected Folke's plea that the balance of equities excused his failure to timely file the petition.  Folke now appeals from the subsequent final judgment entered in favor of Pulliam.[5]

## DISCUSSION

Folke contends the court erred when it found no jurisdiction to decide the merits of the petition to vacate due to untimely service and rejected his plea for equitable relief.  Resolution of the appeal involves questions of law subject to our independent review.  (*Loeb v. Record* (2008) 162 Cal.App.4th 431, 441.)

The MFAA provides an expedient and inexpensive process for clients to resolve disputes concerning fees charged by an attorney.  (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1083.)  The MFAA procedures differ from disputes adjudicated under the California Arbitration Act (CAA).  (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 984.)  For example, a client may unilaterally invoke the MFAA and arbitrate a fee dispute, whereas arbitration under the CAA requires the parties' mutual agreement to arbitrate.  (*Ibid.*; Bus. & Prof. Code, § 6200, subd. (c).)  If an arbitration administered under the MFAA does not resolve the dispute, then either party may pursue judicial action.  (*Benjamin, Weill & Mazer v. Kors* (2011) 195 Cal.App.4th 40, 55-56.)

---

[4]Pulliam's petition to confirm the award is not included in the appellate record, and Folke's brief does not address the validity of the order granting the petition.  This decision, therefore, does not opine on the merits of Pulliam's petition to confirm.

[5]The notice of appeal filed on April 26, 2022 identifies a March 28, 2022 final judgment as the subject of the appeal.  We treat the notice of appeal as a premature appeal from the final judgment entered on June 13, 2022.  (Cal. Rules of Court, rule 8.822(c)(2); *Jackson v. Fitzgibbons* (2005) 127 Cal.App.4th 329, 333, fn. 3.)

An arbitration award under the MFAA automatically becomes final unless a party files, with the appropriate court, a request for trial de novo within 30 days after service of notice of the award. (Bus. & Prof. Code, § 6203, subd. (b).) "This procedure places the burden on the party dissatisfied with the arbitration award to take steps to prevent the award from becoming binding." (*Loeb v. Record*, *supra*, 162 Cal.App.4th at p. 443.)

A dissatisfied party may also initiate an action to correct or vacate an arbitration award, which is distinct from the procedure for requesting a trial de novo. (Bus. & Prof. Code, § 6203, subd. (b).) A petition to vacate "shall be *served and filed* not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (Code Civ. Proc., § 1288, italics added.)[6] Similarly, a response to a petition requesting that an arbitration award be vacated "shall be *served and filed* not later than 100 days after the date of service of a signed copy of the award" on the respondent or respondent's counsel of record. (§ 1288.2, italics added.)

In the case *sub judice*, the arbitrator's award was served upon the parties by first class mail on May 12, 2021. The parties had 30 days, or until June 11, 2021, to file with the trial court a request for trial de novo. (Bus. & Prof. Code, §§ 6203, subd. (b), 6204, subd. (c).) Neither party requested a trial de novo, making the award final as of June 12, 2021. (*Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1473.) The parties had until August 20, 2021—or 100 days after service of the award—to file and serve a petition to confirm, correct, or vacate the award. (§ 1288.) It is undisputed Folke timely *filed* the petition to vacate on August 9, 2021, but there is a dispute as to whether the petition was timely *served* upon Pulliam.

Folke attempted service of the petition by sending it to Akinyemi's office, in care of Pulliam, via first-class mail on August 17, 2021.[7] A tracking receipt from the United States Postal Service reflects delivery of an envelope to an unidentified address on August 18, 2021, and Folke submitted a declaration averring he timely mailed the petition to Akinyemi's office

---

[6]Further statutory references are to the Code of Civil Procedure unless otherwise stated.

[7]There is no evidence in the record that Akinyemi notified Folke he was no longer counsel of record for Pulliam prior to the September 16, 2021 letter. Service of a document upon a represented party must be to the party's attorney. (Cal. Rules of Court, rule 1.21(a).)

on the prior date. Folke also submitted a letter to Akinyemi bearing the same date, which explained the enclosed documentation was being provided until issuance of the official summons, and sought an acknowledgment of receipt.

When, as in this case, no judicial action is pending, an award issued under the MFAA may be vacated by petition to the appropriate court and service "shall be in the same manner as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure." (Bus. & Prof. Code, § 6203, subd. (b).) Provisions in Chapter 4 of the Code of Civil Procedure specify a court may not vacate an arbitration award unless the petition is "duly served and filed" (§§ 1286, 1286.4, subd. (a)), but this chapter does not specify *how* a petition is to be "duly served."

The trial court relied upon section 1290.4—located in *Chapter 5* of Title 9 of Part 3 of the Code, which governs service of a petition to vacate when the parties have an agreement to arbitrate. This statute provides, in pertinent part, "[i]f the arbitration agreement does not provide the manner in which such service shall be made and the person upon whom service is to be made has not previously appeared in the proceeding and has not previously been served in accordance with this subdivision: [¶] (1) Service within this State shall be made in the manner provided by law for the service of summons in an action." (§ 1290.4, subd. (b)(1).) No published decision has addressed whether the service rules in section 1290.4 apply to an arbitration brought under the MFAA.

The plain meaning of the language in Business and Professions Code section 6203 produces conflicting results in that it allows service by mail of a petition to vacate only when there is an existing judicial action, and then refers to a code chapter that does not otherwise define valid service. If the wording of a statute is susceptible to differing interpretations, we resort to extrinsic sources and select a construction that promotes the general purpose of the statute and that avoids absurd results. (*Roy v. Superior Court* (2011) 198 Cal.App.4th 1337, 1350; *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1285, 1291, 1299 & fn. 22.) We turn to the relevant legislative history.

In 2009, the Legislature amended the MFAA, which included "replac[ing] the word 'mailing' with 'service' in sections 6203 and 6204, . . . The Senate Committee on Judiciary

6

explained, 'Under existing law, two sections of the Business and Professions Code that relate to mandatory fee arbitration refer to the "mailing" of documents by the arbitration program. [Citations.]  This provision would clarify those sections by replacing "mailing" with "service." [¶] The State Bar, sponsor of this provision, states that the use of the word mailing "has occasionally created confusion for parties and may jeopardize the rights of parties in ways that the statutes did not intend."  Accordingly, the substitution of "service" for "mailing" is intended to eliminate confusion.'  [Citation.]"  (*Soni v. SimpleLayers, Inc.* (2019) 42 Cal.App.5th 1071, 1089, quoting Sen. Com. on Judiciary, Analysis of Sen. Bill No. 544 (2009-2010 Reg. Sess.) as amended May 4, 2009, p. 6.)

While the above clarification only addressed service of the arbitration award, it illustrates the Legislature intended to distinguish between "mailing" and "service" requirements in the context of the MFAA.  When the Legislature uses different words as part of the same statutory scheme, courts presume those words have different meanings.  (*Roy v. Superior Court*, *supra*, 198 Cal.App.4th at p. 1352.)

In sum, it is our view the Legislature intended to authorize service by mail, of a petition to vacate an arbitration award issued under the MFAA, only if the responding party has appeared with "the court in which the action is pending, . . ."  (Bus. & Prof. Code, § 6203, subd. (b).)  To allow service by ordinary mail, when there is no pending action and the person to be served has not become a party or made an appearance, would violate this court's duty to avoid an interpretation that would render language of a statute to be meaningless.  (See *Copley Press, Inc. v. Superior Court*, *supra*, 39 Cal.4th at p. 1285.)  A contrary interpretation would also leave the courts to rely on nonexistent service rules as provided in Chapter 4 of Title 9 of Part 3 of the Code of Civil Procedure—a result we are loathe to adopt.  (*Id*. at p. 1299, fn. 22.)

Given that no action was pending with the court when Folke filed the petition to vacate, ordinary service by mail was insufficient.[8] Without the availability of ordinary service by mail, the remaining option was the service dictated in section 1290.4, as adopted by the trial court. As noted, this statute requires that service of a petition to vacate "shall be made in the manner provided by law for the service of summons in an action." (§ 1290.4, subd. (b)(1).) Service of a summons may be completed by the methods listed in section 415.10 et seq. (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 880.) Service of a summons by mail is authorized only when a copy of the summons is mailed by first-class mail to the person to be served, together with two copies of the notice and an acknowledgment. (§ 415.30, subds. (a), (b).) Such service is complete when a written acknowledgment of receipt of summons is returned to the sender. (§ 415.30, subd. (c).)

Here, no acknowledgment was completed by Pulliam. Without an acknowledgment, the August 17, 2021 service of the petition by mail to Akinyemi's office address was inadequate. (§ 415.30, subd. (c); *Thierfeldt v. Marin Hospital Dist.* (1973) 35 Cal.App.3d 186, 199.)[9] Folke's petition to vacate was not timely served.

Until recently, the filing and service deadline for a petition to vacate was considered a jurisdictional prerequisite. (*Santa Monica College Faculty Assn. v. Santa Monica Community College Dist.* (2015) 243 Cal.App.4th 538, 544-545; *Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1206.) During the pendency of this appeal,[10] however, the California Supreme Court held, in *Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932 (*Law Finance*), the 100-day

---

[8]Folke seemed to recognize the same standard in his August 17, 2021 letter to Akinyemi, explaining: "we [sic] awaiting an issuance of the 'Summons' in this matter; but, in an effort to provide you with a 'Timely' notice of the filing of this Petition, we have enclosed the documents and will provide the official 'Summons' once it has been issued. [¶] In the interim, would you be so kind as to 'Acknowledge receipt of this correspondence and documents herein."

[9]The purported personal service executed on September 15, 2021 plainly occurred after expiration of the 100-day statutory deadline. (§ 1288.)

[10]This appeal was argued and taken under submission on April 6, 2023. The Supreme Court filed its decision in *Law Finance* on June 26, 2023—days before this court was set to file its decision. On June 27, 2023, we vacated the order taking the cause under submission and invited the parties to file supplemental letter briefs on the application of the *Law Finance* decision to this case. (Gov. Code, §

limitations period in section 1288.2 (governing time to file a response to a petition to vacate or correct an arbitration award) is not jurisdictional.

The *Law Finance* court acknowledged that ordinarily, "when a party fails to comply with a jurisdictional time bar, the court has no choice but to dismiss the case for lack of jurisdiction, . . ." (*Law Finance*, *supra*, 14 Cal.5th at p. 950.) But due to this "harsh consequence[]", the court determined that "'a party's failure to comply with a mandatory requirement "does not necessarily mean a court loses fundamental jurisdiction resulting in 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.'"'" [Citations.]" (*Id.* at pp. 950, 952, italics omitted.) Instead, "we apply 'a presumption that statutes do not limit the courts' fundamental jurisdiction absent a clear indication of legislative intent to do so.' [Citations.] This approach reflects '"a preference for the resolution of litigation and the underlying conflicts on their merits by the judiciary."' [Citations.] . . . . [W]e will not assume that the Legislature intended to imbue a time bar with jurisdictional consequences merely because the statute speaks in mandatory terms; as we have said, 'jurisdictional rules are mandatory, but mandatory rules are not necessarily jurisdictional.' [Citations.] To establish that a particular filing deadline is jurisdictional, more is required. . . . [O]ur Legislature 'must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional' in the fundamental sense. [Citation.]" (*Id.* at p. 950.)

Our high court continued, "nothing in section 1288.2's instructions . . . clearly indicates the Legislature's intent to remove a class of cases from the court's fundamental jurisdiction. Section 1288.2 speaks only to obligations of the litigants and makes no reference at all to the power of the courts — in other words, the section reads as an ordinary statute of limitations." (*Law Finance*, *supra*, 14 Cal.5th at p. 950.)

On the availability of equitable relief, the court held that section 1288.2 is subject to equitable tolling and claims of equitable estoppel under appropriate circumstances. (*Law Finance*, *supra*, 14 Cal.5th at pp. 956-960.) The court noted other statutes in which the Legislature precluded equitable relief from the violation of a statutory deadline, as reflected in

_____

68081.) The cause was again taken under submission after each party filed letter briefs, which we have now read and considered.

9

the plain language of the statute or in extrinsic evidence showing a deliberate design to exclude traditional principles of equity. (*Id*. at pp. 953-956.) The court then contrasted other legislative enactments with section 1288.2, which "reads like other run-of-the-mill statutes of limitations that we have held are subject to equitable tolling," and contains "no analogous fundamental statutory policy inconsistent with application of traditional equitable doctrines." (*Id*. at pp. 953-954.)

"Although, . . . the Legislature did enact a strict 100-day limit for challenging an arbitration award to ensure prompt finality, we have previously held that the Legislature's choice to enact a 'relatively brief' limitations period does not, by itself, mean the Legislature intended to foreclose equitable tolling or other forms of equitable relief in 'unusual situations.' [Citation.] Because equitable tolling is not '"a cure-all for an entirely common state of affairs"' [citations] but instead applies only 'in carefully considered situations to prevent the unjust technical forfeiture of causes of action' [citation], tolling of the 100-day period for seeking vacatur will be the exception, not the norm. [Appellant] has not shown that applying the doctrine to extend the 100-day deadline in those limited, exceptional circumstances would 'fundamentally compromise' [citation] the legislative purpose to promote the efficient final resolution of arbitral disputes." (*Law Finance*, *supra*, 14 Cal.5th at pp. 954-955.)

As discussed, the *Law Finance* decision was filed prior to our decision in this case. Judicial decisions by a higher court are retroactively binding on any pending case—that is, any case prior to a final determination upon appeal. (§ 1049; see also *Vazquez v. Jan-Pro Franchising International, Inc*. (2021) 10 Cal.5th 944, 948-949; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456.) This deference is appropriate even though the *Law Finance* court was interpreting a different statute. (*San Diego Gas & Electric Co. v. 3250 Corp*. (1988) 205 Cal.App.3d 1075, 1088 [deference to higher court's interpretation of statutes with identical language]; *People v. Arata* (2007) 151 Cal.App.4th 778, 786 [deference to higher court's interpretation of statutes with "very similar" language].) The pertinent language in section 1288 is identical to section 1288.2—both require that the pleading "shall be served and filed not later than 100 days after the date of the service of a signed copy of the award . . . ." (§§ 1288, 1288.2; see also *Law Finance*, *supra*, 14 Cal.5th at p. 946 [noting the identical

language].)  Thus, Folke's failure to comply with the service deadline in section 1288 did not deprive the court of fundamental jurisdiction to resolve the merits of Folke's petition to vacate.

Folke's call for equitable relief from untimely service of the petition relied upon his multiple and unsuccessful attempts of service, and that Pulliam had actual notice of the action as evidenced by her opposition.  As noted, the trial court refused to "weigh the equities" based on its assessment that equitable relief was unavailable to save Folke's failure to comply with the deadline in section 1288.  This analysis is now flawed under *Law Finance*, as there is nothing in the language of section 1288 or its legislative history reflecting an intent by the Legislature to foreclose equitable tolling or other equitable relief under appropriate circumstances.  (*Law Finance*, *supra*, 14 Cal.5th at pp. 956-960.)  A trial court order misapplying the law is an abuse of discretion, warranting reversal.  (*Global Modular, Inc. v. Kadena Pacific, Inc.* (2017) 15 Cal.App.5th 127, 150-152.)

Because the trial court concluded as a matter of law that Folke was not entitled to equitable tolling, the court did not take evidence or assess the three factors for equitable tolling of a statute of limitations: (1) timely notice to the opposing party, (2) lack of prejudice to the opposing party, and (3) reasonable and good faith conduct by the moving party.[11]  (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 725-726.)  Absent a developed record, the appropriate remedy is a remand to the trial court to consider whether the balance of equities supports Folke's claim of entitlement to equitable relief.  (See, e.g., *Rutan v. Summit Sports, Inc.* (1985) 173 Cal.App.3d 965, 974 [remanding to trial court to determine, in the first instance, whether equity warrants relief from default]; but see *Law Finance*, *supra*, 14 Cal.5th at pp. 956, 959-962 [remanding to the Court of Appeal to

consider whether appellant is entitled to equitable relief in the first instance].)  We express no views on whether the balance of equities will justify Folke's plea for equitable relief.

---

[11]Argument in a party's trial brief is not evidence.  (*In re Marriage of Pasco* (2019) 42 Cal.App.5th 585, 591.)

## DISPOSITION

The judgment is reversed. The cause is remanded for the trial court to determine, in the first instance, whether Folke is entitled to equitable relief from the failure to timely serve the petition, in a manner consistent with the law and this opinion. Folke shall recover costs on appeal. (Cal. Rules of Court, rule 8.891(a)(2).)

_____
P. McKay, P. J.

We concur:


_____                    _____
Kumar, J.                                          Richardson, J.