Filed 12/3/21  Kote v. Carcich CA4/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| PETER KOTE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ANNETTE HARRISON CARCICH,<br><br>    Defendant and Respondent. | G059231<br><br>(Super. Ct. No. 30-2011-00495722)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Jacki C. Brown, Judge.  Dismissed.  Request for judicial notice denied.

Alchehayed Law and Ilian Alchehayed for Plaintiff and Appellant.

Murphy Austin Adams Schoenfeld and Bryan L. Phipps for Defendant and Respondent.

Appellant Peter Kote appeals from the trial court's suspension of his powers as trustee of the Harrison Family Trust and appointment of respondent Annette Harrison Carcich as interim successor trustee. We dismiss the appeal because an order suspending a trustee in anticipation of a trial on removal is not an appealable order and, having been suspended and lacking any other connection to the trust than his status as suspended trustee, appellant lacks standing to appeal from the trial court's order appointing respondent as interim successor trustee.

## FACTUAL AND PROCEDURAL HISTORY

Appellant is the trustee of the Harrison Family Trust. Respondent and Mark Harrison are the two beneficiaries of the trust; Harrison is not a party to this appeal.

Litigation between the beneficiaries was resolved by way of a settlement agreement reached at a mediation, in which the trustee did not participate. The settlement agreement called for the trust's assets to be distributed to the beneficiaries in particular amounts, and in some cases in kind, after court approval of the settlement. After the settlement was reached, respondent filed a motion to enforce the settlement, which the trial court granted. In so doing, the court also specifically approved the settlement and ordered appellant to distribute certain specified trust property within fifteen days of the issuance of its order.

While appellant made various distributions during the 15-day period provided by the order, at the end of the period respondent concluded she had not received the full distribution ordered by the court. Respondent applied ex parte for (1) suspension of appellant's powers as trustee; (2) appointment of a temporary trustee; and (3) an order for appellant to show cause why he should not be held in contempt for failure to comply with the court's order. Appellant opposed the ex parte application, arguing no exigent circumstances existed and appellant had substantially complied with the order.

After several continuances, the trial court ultimately held a trial on contempt, spanning four days. At the conclusion of respondent's case for contempt,

2

appellant's counsel moved for judgment as a matter of law. The trial court granted the motion, discharging the contempt allegations, but simultaneously granted respondent's ex parte application for suspension of appellant's powers, finding appellant had not treated the beneficiaries of the trust equally. After the court announced its ruling from the bench, appellant's counsel requested an opportunity to present his client's case, but the trial court denied his request, ruling that appellant had no right to an evidentiary hearing on an ex parte application. Instead, the trial court directed the parties to file pleadings on removal: one on respondent's behalf requesting the suspension become a permanent removal; and one on appellant's behalf requesting not to be removed.

After a lengthy delay in proceedings caused by the outbreak of the COVID-19 pandemic, and after the trial court received a declination to serve from the successor trustee named by the trust document, the trial court appointed respondent interim successor trustee. Appellant appealed from both the order suspending his powers as trustee and the order appointing respondent interim successor trustee.

## DISCUSSION

Respondent argues this appeal should be dismissed because the order suspending appellant's powers as trustee is not appealable and, having been suspended and having no other connection to the trust, appellant lacks standing to appeal from the order appointing respondent interim successor trustee. Appellant responds that the order suspending appellant's powers is appealable under Probate Code section 1300, subdivisions (c) and (g). Respondent is correct.[1]

1. *Appealability of the Order Suspending Appellant's Powers as Trustee*

Appeals in trust disputes are exclusively governed by Probate Code sections 1300 and 1304. (*Kalenian v. Insen* (2014) 225 Cal.App.4th 569.) Probate Code

---

[1] We deny respondent's request for judicial notice, as its contents (a minute order denying appellant's motion to lift the suspension due to the automatic stay arising from this appeal) are not relevant to our determination of the issues before this Court.

3

section 1300 allows an appeal from "the making of, or the refusal to make" an order falling within any of various categories. (Prob. Code, § 1300.) The two categories raised by appellant as potential bases for appealability are subdivisions (c) and (g). Subdivision (c) allows appeals from orders "[a]uthorizing, instructing, or directing a fiduciary, or approving or confirming the acts of a fiduciary," while subdivision (g) allows appeals from orders "[s]urcharging, removing, or discharging a fiduciary."[2] Probate Code section 1304 also allows appeals from the "grant or denial" of, among other things not relevant here, "[a]ny final order under Chapter 3 (commencing with Section 17200) of Part 5 of Division 9 [of the Probate Code], except the following: [¶] (1) Compelling the trustee to submit an account or report acts as trustee. [¶] (2) Accepting the resignation of the trustee."

Suspension of a trustee's powers "pending a decision on a petition for removal of a trustee" is authorized by Probate Code section 15642, subdivision (e). As this description suggests, suspension of a trustee's powers is a provisional remedy designed to preserve the status quo and protect the beneficiaries of the trust pending a hearing on removal of the trustee.

Suspension of a trustee's powers is not "[a]uthorizing, instructing, or directing a fiduciary, or approving or confirming the acts of a fiduciary." Nor is suspension of powers "[s]urcharging, removing, or discharging a fiduciary." Finally, as a provisional remedy, suspension of a trustee's powers is not a "final order" under Probate Code section 17200 or any other provision of the Probate Code. While past authority on this question is limited, it is unanimous that this type of provisional suspension of a trustee's powers is not appealable. (See *Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 426, fn. 4; *Aviles v. Swearingen* (2017) 16 Cal.App.5th 485, 492.)

---

[2] As used in the Probate Code, a "fiduciary" includes a trustee. (Prob. Code, § 39.)

Appellant argues the suspension of his powers as trustee amount to a removal because appellant's suspension was indefinite. We acknowledge "that a probate order's appealability is determined not from its form, but from its legal effect," and "[a]n order is appealable, even if not mentioned in the Probate Code as appealable, if it has the same effect as an order the Probate Code expressly makes appealable." (*Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755.)

However, the suspension of appellant's powers as trustee is not a removal merely because it has no set expiration at the time of its issuance. Like other provisional or emergency remedies, suspension of a trustee's powers can be imposed on an ex parte basis at the inception of an action, before a hearing date has been set. Just as here, the absence of a hearing date on removal temporarily renders such suspensions indefinite. Nevertheless, the suspension remains only a suspension, not a removal, and is not itself appealable, but instead can only be reviewed on appeal from whatever appealable order results from the proceedings including, but not limited to, an order of removal.

In this matter, the trial court was careful to order only suspension, not removal, advising counsel, "I was very specific[.] I did not remove [appellant]; I only suspended him." The record also contains a petition filed by respondent seeking removal of appellant as trustee, which remains to be ruled upon by the trial court. Accordingly, the order suspending appellant's powers as trustee is not appealable and we are compelled to dismiss the appeal from that order.

2. *Appellant's Standing to Appeal from the Order Appointing Respondent*

As discussed above, after suspending appellant's powers as trustee, the trial court appointed respondent the interim successor trustee. Appellant also appealed from this separate order of appointment. However, respondent contends, as a separate ground for dismissal, that appellant is not a "party aggrieved" by the order and therefore lacks standing.

5

Standing to appeal is controlled by Code of Civil Procedure, section 902. "[S]ection 902 is a remedial statute, which should be 'liberally construed,' with 'any doubts resolved in favor of the right to appeal.'" (*Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 540.) Only a "party aggrieved" may appeal. "An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236.)

Specific to the trust context, a trustee can appeal from a judgment or order that is detrimental to the trust (*Estate of Casserley* (2018) 22 Cal.App.5th 824, 832) or that pertains to the trustee's exercise of his or her duties (*In re Welch's Estate* (1895) 106 Cal. 427, 429), but not from an order distributing trust property or determining to whom distribution should be made. (*Estate of Baird* (1987) 196 Cal.App.3d 957, 964-966.) Also, a trustee who is also a beneficiary may separately have standing to appeal arising from rights or interests he or she holds as a beneficiary. (*Estate of Hawkins* (1987) 194 Cal.App.3d 102, 105.)

Appellant is not a beneficiary of the trust. His powers as trustee are presently suspended; he cannot exercise them regardless of the identity of his interim replacement. Should he be reinstated as trustee, his return to that office will be unaffected by the identity of its interim occupant. His only apparent present connection to the trust is his status as a potential creditor, based on claims for trustee fees. The choice of interim trustee has no immediate or substantial impact on his rights as a creditor, and he is therefore not aggrieved. Because he is not aggrieved, he lacks standing to appeal from the trial court's order appointing respondent as interim successor trustee, and his appeal of that order must be dismissed as well.

## DISPOSITION

The appeal is dismissed.   Respondent shall recover costs on appeal.


ZELON, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.