Filed 10/11/22 Richert v. Colvin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHIRLEY R. RICHERT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KERRY COLVIN,<br><br>Defendant and Appellant. | F083141<br><br>(Super. Ct. No. BPB-20-002505)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County. Andrew Kendall, Commissioner.

Law Offices of Young & Nichols and Michael R. Young, for Defendant and Appellant.

Van Sciver Law and Kurt Van Sciver, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Kerry Colvin (Colvin) is the sole trustee (and only surviving settlor) of "The K. Colvin & S. Arnold Revocable Trust" (trust). Respondent Shirley R. Richert aka Teddy Richert (Richert) is a remainder beneficiary of the trust, and named successor trustee of the trust.

Colvin appeals from a July 16, 2021 order of the Kern County Superior Court, sitting in probate, in which it (1) suspended Colvin's powers as trustee of the trust, (2) appointed Richert as interim successor trustee of the trust pending resolution of the underlying litigation, (3) directed Colvin to turn over trust assets and records to Richert, and (4) precluded Richert from selling, liquidating, mortgaging, or leasing trust properties absent further order of the court but allowed Richert to collect rents on the trust properties (subject order).

We dismiss the appeal on the ground the subject order is not a final order and, therefore, is not appealable.

## PROCEDURAL AND FACTUAL SUMMARY

We set forth a detailed summary of the facts surrounding the creation and administration of the trust during all times relevant in Colvin's related appeal in *Richert v. Colvin*, F082620 (related appeal).[1] Thus, a brief synopsis of those facts along with any additional relevant facts presented by the parties will suffice for purposes of the present appeal.

Colvin and Richert are siblings. In 2010, their mother, Shirley A. Arnold (mother) and Colvin created the trust. During their joint lifetimes, mother and Colvin were the only vested beneficiaries of the trust and were entitled to use both principal and interest of the trust assets for their own, respective benefits.

---

[1] We incorporate by reference the facts and analysis in *Richert v. Colvin*, F082620, into this appeal.

2

Mother and Colvin served as co-trustees of the trust until mother was declared incompetent in or about 2014. Thereafter, Colvin continued as sole trustee of the trust. Mother passed away on July 30, 2019, at which time the assets of the trust were divided into separate sub-trusts—Decedent's Trust A (comprised of property contributed to the trust by mother) and Survivor's Trust B (comprised of property contributed to the trust by Colvin). Upon its creation, Decedent's Trust A became irrevocable. Under the terms of Decedent's Trust A, Colvin was entitled to use income from said sub-trust for his own benefit but he could not invade its principal.

Upon mother's death and the division of trust assets into the aforementioned sub-trusts, Richert became a vested remainder beneficiary of Decedent's Trust A. On June 29, 2020, Richert filed a petition for (1) breach of fiduciary duty; (2) removal of trustee; (3) account and (4) imposition of constructive trust (petition) against Colvin in connection with his administration of the trust and resulting sub-trusts.

Rather than responding substantively to the petition, Colvin filed an objection to the probate court's exercise of personal jurisdiction over him (objection to jurisdiction). The probate court "denied" Colvin's objection to jurisdiction. In the related appeal, we affirmed the probate court's order denying Colvin's jurisdictional challenge.

On July 16, 2021, the probate court issued the subject order suspending Colvin's powers as trustee and appointing Richert as interim trustee pending resolution of the litigation. On August 4, 2021, Colvin appealed the subject order.

**DISCUSSION**

Colvin's appeal from the subject order is primarily premised on the same argument he made in his related appeal. That is, Colvin contends the subject order must be set aside because the probate court lacked personal jurisdiction over him. The only other argument Colvin makes on appeal of the subject order is that Richert "should not have been appointed Successor Trustee because of the First Amendment naming Russell

3

Unruh as Successor Trustee should [Colvin] become incapacitated or resigns or upon his death."

Before turning to Colvin's arguments on appeal, we first address whether the subject order is an appealable order.

## A.     The Subject Order is Not an Appealable Order

Colvin makes no effort to explain why the subject order is an appealable order as required by California Rules of Court, rule 8.204.**[2]** Richert, on the other hand, contends "the [subject] order is not a final order—it did not adjudicate the merits of the petition, but merely decided that Colvin would be suspended 'pending the resolution of the litigation of the removal or any pending appeals in this matter,' " citing *Aviles v. Swearingen* (2017) 16 Cal.App.5th 485, 492 (*Aviles*).  We agree.

In *Aviles*, the respondent, a trust beneficiary, filed a probate petition to invalidate a trust amendment executed by the trustor shortly before she passed away from cancer, on grounds of undue influence and financial abuse.  (*Aviles*, *supra*, 16 Cal.App.5th at p. 489.)  The trust amendment at issue was altered to make appellant the sole beneficiary and trustee of the trust.  The appellant filed a counterpetition to disinherit the respondent. (*Ibid*.)  The respondent then moved to enjoin the appellant from using trust funds to finance her defense. (*Ibid*.)  The respondent's motion and appellant's counterpetition to disinherit the respondent were heard at the same time. (*Ibid*.)

The probate court in *Aviles* denied the appellant trustee's counterpetition.  In connection with the respondent's motion to enjoin the appellant's use of trust funds to defend against respondent's petition, the probate court "removed appellant as trustee, pendente lite, and appointed a professional fiduciary to act as trustee." (*Aviles*, *supra*, 16

_____

**2**     California Rules of Court, rule 8.204(a)(2)(B) provides, in relevant part: "An appellant's opening brief must: [¶] … [¶] … State that the judgment appealed from is final, or explain why the order appealed from is appealable."  Colvin's opening brief does neither.

4

Cal.App.5th at p. 490.) The appellant appealed both orders. (*Id*. at p. 488.) On appeal, the *Aviles* court affirmed the order denying appellant's counterpetition to disinherit the respondent. (*Id*. at p. 493.) However, it dismissed the appeal of the order removing the appellant as trustee. (*Ibid*.) Noting that subdivision (a) of section 1304 "makes appealable any '*final order*' under section 17200 including an order removing a trustee," the court wrote: "This was a pendente lite order and 'without prejudice.' It is not appealable." (*Id*. at p. 492.)

We agree that an order removing the trustee pendente lite is not a final order for purposes of subdivision (a) of section 1304, and Colvin has not presented this court with any alternative basis for finding appealability. The subject order at issue here appointed Richert an interim trustee pending resolution of the underlying litigation. Like the order in *Aviles*, it is not a final order. Therefore, we conclude the subject order is not appealable.

**B.     Colvin's Argument That a Different Successor Trustee Was Named in a First Amendment to the Trust is Unsupported**

Notwithstanding our determination that the subject order is not appealable, we briefly address Colvin's arguments on appeal.

Colvin's argument that there is a first amendment to the trust naming a different successor trustee than Richert is entirely unsupported by the record. Colvin does not cite to anywhere in the record in support of his contention. Our review of the record reveals there is no first amendment among the documents submitted in the record on appeal, and no mention of any individual by the name of Russell Unruh in those documents.

To the contrary, the record on appeal discloses that Richert is the named successor trustee. The trust provides: "Upon the death, resignation, or incapacity of the surviving Trustor, then the First Successor Trustee of each trust hereunder shall be Shirley R. Richert, aka Teddy Richert." (Unnecessary capitalization omitted.)

5

The record on appeal does not support Colvin's contention that a first amendment to the trust was ever executed, or that a different successor trustee was named.

## C.     Colvin's Argument That the Probate Court Lacked Jurisdiction Has Been Rejected in the Related Appeal

We affirmed the probate court's order denying Colvin's challenge to the probate court's exercise of personal jurisdiction over him in the related appeal.  This was Colvin's only other argument on appeal of the subject order, and it was decided against him.

## DISPOSITION

The appeal is dismissed.  Costs on appeal are awarded to Richert.


                                                                    SMITH, Acting P. J.

WE CONCUR:


SNAUFFER, J.


DE SANTOS, J.

6