[No. B210500. Second Dist., Div. Eight. July 9, 2009.]

Estate of EARNEST CHAMBERS, JR., Deceased.
DARREN WAYNE CHAMBERS, Petitioner and Appellant, v.
DORVAIL MONEY, Objector and Respondent.

**COUNSEL**

Law Offices of Lloyd Kirschbaum and Lloyd Kirschbaum for Petitioner and Appellant.

Law Office of Michael L. Lyons, Michael L. Lyons; Law Offices of Andrea Lynn Rice and Andrea Lynn Rice for Objector and Respondent.

**OPINION**

**RUBIN, Acting P. J.**—Darren Wayne Chambers appeals from a probate court order that denied his petition to be declared the sole heir by intestacy of his uncle, Earnest Chambers, Jr., and determined instead that Dorvail Money was Chambers's natural son and sole heir. We reverse and remand for a new hearing because the probate court incorrectly applied a preponderance of the evidence standard of proof instead of the clear and convincing evidence standard, as required by Probate Code section 6453, subdivision (b) and Family Code section 7630, subdivision (c).

## FACTS AND PROCEDURAL HISTORY

Earnest Chambers, Jr. (Chambers), died in January 2007 at the age of 83. Chambers did not leave a will. In December 2007, Darren Wayne Chambers (appellant) filed a petition with the probate court alleging that under Texas law he was the adopted son of Chambers's deceased brother, entitling him to a determination that he was Chambers's sole heir by intestate succession. Dorvail Money (respondent) challenged that petition and asked that he be determined as the sole heir because he was Chambers's natural son.[1] Respondent, who was born in 1978, claimed he was the product of Chambers's extramarital affair with his mother, Diana Williams. Chambers divorced his first wife and married Williams in 1982. They divorced in 1984.

Appellant attacked respondent's claim by pointing out that William Money, not Chambers, was named as respondent's father on his birth certificate and that the marital dissolution petition filed by Chambers against Williams stated there were no minor children from the marriage.[2] Mother claimed she was afraid of Chambers's first wife and that she did not identify Chambers as the

---

[1] Respondent had developmental disabilities and was represented by his mother, who had been named his conservator.

[2] Williams was respondent's mother's maiden name. She had married and divorced William Money before her son was born, and appeared in this action as respondent's conservator under the name Diana Chambers. In order to avoid confusion over multiple persons with the surname of Chambers, we will refer to her as mother.

father in order to avoid trouble. According to mother, respondent lived with Chambers, and Chambers acknowledged respondent as his son, before, during, and after their marriage. By way of both declarations and live testimony, several witnesses who were relatives or close friends of Chambers verified that respondent lived with and was raised by Chambers, who publicly acknowledged respondent as his son. Respondent testified that he lived with Chambers most of his life, and that Chambers paid most of his expenses. There was also evidence that when Chambers applied for an annuity in 1997, he identified respondent as his son and named him as the beneficiary.

Apart from resolving the evidentiary conflicts, the main issue at the hearing was deciding which standard of proof applied to respondent's claim that he was Chambers's heir by intestacy. Appellant characterized respondent as a mere stepson who needed to prove by clear and convincing evidence that he was entitled to inherit under the doctrine of equitable adoption.[3] Respondent contended equitable adoption was inapplicable because he sought to inherit as Chambers's natural son, and under Family Code section 7611, needed to show by only a preponderance of the evidence that Chambers was his presumed father. The probate court said it would not likely find that an equitable adoption occurred, but did find under the preponderance of evidence standard that Chambers was respondent's presumed father under Family Code section 7611, subdivision (d). Because appellant did not rebut that presumption by clear and convincing evidence, the probate court ruled that respondent was Chambers's natural son and heir, and denied appellant's petition. Appellant contends the probate court erred because the clear and convincing evidence standard applies under the doctrine of equitable adoptions. We reject appellant's contention that this was an equitable adoption case, but agree that the probate court erred because the correct standard of proof for respondent's claim was clear and convincing evidence. We therefore reverse for further proceedings.

## DISCUSSION

■ For purposes of determining intestate succession, a parent-child relationship exists in two situations: (1) between a person and his natural parents regardless of the parents' marital status; and (2) between an adopted person and his adoptive parents. (Prob. Code, § 6450, subds. (a), (b).) Probate Code

---

[3] Probate Code section 6455 permits proof of a parent-child relationship for purposes of intestate succession by the theory of equitable adoption. The doctrine applies when an adult treats a child not his own as if it were his natural born child, the evidence establishes an intent to adopt the child, and, through inadvertence or fault, the child was not adopted. (*Estate of Ford* (2004) 32 Cal.4th 160, 170–171 [8 Cal.Rptr.3d 541, 82 P.3d 747].) The proponent of that theory must prove the existence of these elements by clear and convincing evidence. (*Id.* at pp. 172–173.)

section 6453 describes how either a parent or child may show whether someone is a natural parent for purposes of intestate succession. It provides:

"(a) A natural parent and child relationship is established where that relationship is presumed and not rebutted pursuant to the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12 of the Family Code).

"(b) A natural parent and child relationship may be established pursuant to any other provisions of the Uniform Parentage Act, except that the relationship may not be established by an action under subdivision (c) of Section 7630 of the Family Code unless any of the following conditions exist:

"(1) A court order was entered during the father's lifetime declaring paternity.

"(2) Paternity is established by clear and convincing evidence that the father has openly held out the child as his own.

"(3) It was impossible for the father to hold out the child as his own and paternity is established by clear and convincing evidence."[4]

■ The probate court found that respondent established he was Chambers's natural son under Probate Code section 6453, subdivision (a) by way of Family Code section 7611, subdivision (d) (section 7611(d)). Section 7611(d) is one of several rebuttable presumptions of fatherhood permitted in dependency law proceedings. It comes into play when a man marries, or attempts to marry, a child's natural mother after the child's birth and "receives the child into his home and openly holds out the child as his natural child." (§ 7611(d).) The foundational facts giving rise to the presumption may be shown by a preponderance of the evidence. (*In re O. S.* (2002) 102 Cal.App.4th 1402, 1410 [126 Cal.Rptr.2d 571].) The presumption may be rebutted only by clear and convincing evidence. (Fam. Code, § 7612, subd. (a).) This was the basis of the probate court's ruling that respondent raised the required presumption of fatherhood by a preponderance of the evidence, and that appellant did not rebut it by clear and convincing evidence.

■ The probate court's reliance on Family Code section 7611(d) by way of Probate Code section 6453, subdivision (a) was misplaced. Instead, the issue was

---

[4] Subdivision (c) of Probate Code section 6453 provides that a natural parent and child relationship may also be established under Probate Code section 249.5. Section 249.5 applies to children conceived by use of a person's genetic material after his or her death and is therefore inapplicable here.

governed by subdivision (b) of Probate Code section 6453, which calls for proof by clear and convincing evidence in cases falling under Family Code section 7630, subdivision (c) (section 7630(c)). Section 7630(c) describes who has standing to bring actions to determine the existence of a father and child relationship "with respect to a child who has no presumed father under Section 7611 *or whose presumed father is deceased . . . ."* (Italics added.) In other words, when a child born out of wedlock wants to show he is the natural child of a man who died without leaving a will, if the child relies on proof that the alleged father openly held him out as his own child, he must do so by clear and convincing evidence. (Prob. Code, § 6453, subd. (b)(2); *Estate of Carter* (2003) 111 Cal.App.4th 1139, 1151–1152 [4 Cal.Rptr.3d 490] [discussed requirement of proof by clear and convincing evidence as part of holding that purported out-of-wedlock heirs by intestate succession were entitled to notice of proceedings because there was evidence to support their claims that ultimately required probate court determination]; *Cheyanna M. v. A.C. Nielsen Co.* (1998) 66 Cal.App.4th 855, 867 & fn. 14 [78 Cal.Rptr.2d 335] [reversed summary judgment against out-of-wedlock child who sought standing to sue for father's wrongful death; under applicable rules of intestate succession, she was permitted to pursue claim based on evidence it had been impossible for father to hold her out as his own under Prob. Code, § 6453, subd. (b)(3) because he died before plaintiff was born; noted that ultimate burden of proof was clear and convincing evidence].)

The legislative history, as discussed at length by other appellate courts, shows the Legislature had good reason to impose this higher burden of proof: to discourage dubious paternity claims made after a man's death for the sole purpose of inheritance. *(Estate of Burden* (2007) 146 Cal.App.4th 1021, 1027 [53 Cal.Rptr.3d 390]; *Estate of Sanders* (1992) 2 Cal.App.4th 462, 474 [3 Cal.Rptr.2d 536] [gave lengthy discussion of Prob. Code, § 6453 and its legislative predecessors when rejecting out-of-wedlock child's request for DNA testing to prove intestate succession because Prob. Code, § 6453 supplied the exclusive means for determining paternity].)[5]

■ Respondent is trying to establish paternity after Chambers's death based on a claim that Chambers openly held respondent out as his son while

---

[5] Our conclusion is bolstered by the legislative history of the 1994 amendment that added subdivision (b)(3) to Probate Code section 6453, allowing for proof of paternity by clear and convincing evidence when it was impossible for a natural father to have held out a child as his own during the father's lifetime. In describing the then existing state of the law, the Legislative Counsel's Digest said that, with certain exceptions, the relationship of parent and child for purposes of determining intestate succession could be established by only two means: (1) a court order entered during the father's lifetime that declared paternity; or (2) "by clear and convincing evidence that the father . . . held out the child as his own during the father's lifetime." (Legis. Counsel's Dig., Assem. Bill No. 1137 (1993–1994 Reg. Sess.) 5 Stats. 1993, Summary Dig., pp. 198–199.)

Chambers was alive. That is precisely the scenario encompassed by Probate Code section 6453, subdivision (b)(2) that calls for proof by clear and convincing evidence. Because the probate court acted under the wrong statutory provisions and applied the incorrect (and lesser) standard of proof, we reverse and remand for a new hearing where the proper standard of proof is applied.

## DISPOSITION

For the reasons set forth above, the order denying appellant's petition to be determined as Chambers's heir by intestate succession is reversed and the matter is remanded for a new hearing under the correct standard of proof. Each side to bear its own costs.

Flier, J., and Bendix, J.,[*] concurred.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.