Filed 4/30/26  Young v. Webb CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| CAROLYN YOUNG et al.,<br><br>     Plaintiffs and Respondents,<br><br>v.<br><br>SOHNTEE LARAY WEBB,<br><br>     Defendant and Appellant. | C102223<br><br>(Super. Ct. No. 34201800224803) |

In December 2019, Jazlynn Webb died intestate.[1]  Jazlynn had a special needs trust, and the trust assets are to be distributed according to the laws of intestate succession.  They provide that Jazlynn's parents are entitled to equal shares of her estate. (Prob. Code, § 6402, subd. (b).)[2]  Respondent Angela Briddle and appellant Sohntee Laray Webb each filed claims to entitlement to trust distribution.  It is undisputed that

---

[1]  We will refer to Jazlynn Webb, Sohntee Laray Webb, and Angela Briddle by their first names.

[2]  Undesignated statutory references are to the Probate Code.

1

Angela is Jazlynn's mother. Angela and Sohntee dispute whether Sohntee is entitled to an equal share of Jazlynn's estate as her father. Sohntee appeals from an order denying his claim and instructing the co-trustees of the trust to distribute the remaining assets of the trust to Angela. Sohntee argues his paternity was established under section 6453, subdivision (b)(1) by a support judgment or, alternatively, under section 6453, subdivision (b)(2) by the fact he openly held out Jazlynn as his child. He further contends he was not barred from inheriting under section 6452. We conclude the trial court erred in deciding the support judgment could not qualify as a court order declaring parentage under section 6453, subdivision (b)(1) merely because it was entered in a child support proceeding. This obviates the need to address whether the court also erred in concluding Sohntee did not establish paternity for purposes of intestate succession under section 6453, subdivision (b)(2). We reverse the order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

### A. Factual Background

Angela gave birth to Jazlynn in 2010. Jazlynn shares a last name with Sohntee, but no father is listed on her birth certificate. Angela and Sohntee were never married. In 2015, Jazlynn nearly drowned. A lawsuit resulted in a personal injury recovery. In 2019, Jazlynn died due to complications from the near drowning. Sohntee is listed as Jazlynn's father on her death certificate.

### B. Statutory Background

"Chapter 2 of part 2 of division 6 of the Probate Code, sections 6450 to 6455, defines the parent-child relationship for purposes of intestate succession." (*Estate of Ford* (2004) 32 Cal.4th 160, 165, fn. omitted.)

Section 6450 provides, in relevant part, that "a relationship of parent and child exists for the purpose of determining intestate succession by, through, or from a person" where "[t]he relationship of parent and child exists between a person and the person's

2

natural parents, regardless of the marital status of the natural parents." (§ 6450, subd. (a).) Nonetheless, "[a] parent does not inherit from or through a child on the basis of the parent and child relationship if any of the following apply: [¶] . . . [¶] The parent did not acknowledge the child." (§ 6452, subd. (a)(2).)

"Section 6453, in turn, articulates the criteria for determining whether a person is a 'natural parent' within the meaning of sections 6450 and 6452." (*Estate of Griswold* (2001) 25 Cal.4th 904, 910.) Section 6453 provides, in relevant part:

"(a) A natural parent and child relationship is established where that relationship is presumed and not rebutted pursuant to the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12 of the Family Code).

"(b) A natural parent and child relationship may be established pursuant to any other provisions of the Uniform Parentage Act, except that the relationship may not be established by an action under subdivision (c) of Section 7630 of the Family Code unless any of the following conditions exist:

"(1) A court order was entered during the parent's lifetime declaring parentage.

"(2) Parentage is established by clear and convincing evidence that the parent has openly held out the child as that parent's own."

C.    *Procedural background*

Co-trustees Carolyn Young and Lindsay Bowman filed a petition for instructions as to the beneficiaries of the Jazlynn Webb Irrevocable Special Needs Trust. Angela filed a claim arguing she was Jazlynn's only heir because she is "not certain" that Sohntee is Jazlynn's natural father. Sohntee filed his own claim alleging the trust assets should be divided equally between him and Angela. He asserted he is Jazlynn's natural father and that neither his paternity nor his acknowledgement thereof was seriously in question. A court trial was held to adjudicate these filings.

On September 13, 2024, the court issued its ruling.

3

With respect to establishing a natural parent and child relationship under section 6453, subdivision (a), the trial court explained Sohntee argued he qualified as a presumed natural parent under Family Code section 7611, subdivision (d). It applies where "[t]he presumed parent receives the child into their home and openly holds out the child as their natural child." (Fam. Code, § 7611, subd. (d).) The court found Sohntee did not receive Jazlynn into his home under the meaning of this provision because the evidence failed to establish she was ever physically present inside his home and failed to establish he took on parental responsibilities that would create an unambiguous parent-child relationship. The court found Sohntee provided credible testimony that he is Jazlynn's biological father, but he "did not introduce any credible evidence that he took on any parenting responsibilities or provided any support for Jazlynn."[3]

The trial court found Sohntee did not establish a natural parent and child relationship under section 6453, subdivision (b), either. The trial court found that a default judgment entered in a 2011 Orange County child support action was not a qualifying court order under section 6453, subdivision (b)(1) because it was entered in a child support action. The trial court also found Sohntee could not rely on section 6453, subdivision (b)(2) because he failed to establish by clear and convincing evidence that he openly held out Jazlynn as his child. Specifically, the court found Sohntee failed to meet his burden of proof with credible evidence.

Because the trial court found Sohntee failed to present sufficient credible evidence of a parent and child relationship, it concluded section 6452 did not apply.

The court granted Angela's claim and denied Sohntee's. The court concluded Sohntee is not entitled to distribution of Jazlynn's estate under the terms of the trust and

---

[3] On appeal, Sohntee does not challenge the trial court's conclusion that he did not qualify as a presumed natural parent under Family Code section 7611, subdivision (d).

instructed the trustees to distribute the remaining assets of the trust to Angela.  Sohntee filed a timely appeal from this order.

## II.  DISCUSSION

*A.     Declarations of Parentage in Child Support Proceedings Satisfy Section 6453*

Sohntee argues the trial court erred in concluding the Orange County judgment did not satisfy section 6453, subdivision (b)(1) because an order separate from a child support action is not required.  We agree.

The judgment states that it is a judgment regarding parental obligations entered under Family Code section 17430.  That statute provides that in an action filed by a local child support agency pursuant to Family Code section 17400 or 17404, "a judgment shall be entered without hearing, without the presentation of any other evidence or further notice to the defendant, upon the filing of proof of service by the local child support agency evidencing that more than 30 days have passed since the simplified summons and complaint, proposed judgment, blank answer, blank income and expense declaration, and all notices required by this division were served on the defendant."  (Fam. Code, § 17430, subd. (a).)  Family Code section 17404, in turn, provides that in child support actions brought by local support agencies, "the issues shall be limited strictly to the question of parentage, if applicable, and child support, including an order for medical support.  *A final determination of parentage* may be made in any action under this section as an incident to obtaining an order for support."  (Fam. Code, § 17404, subd. (a), italics added.)  Consistent with this authority, the judgment states that the court orders "Respondent/defendant" Sohntee and "other parent" Angela "are the parents of" Jazlynn and also orders the payment of child support.

Sohntee argued this judgment satisfied section 6453, subdivision (b)(1) and established a natural parent and child relationship for intestate succession purposes.  The trial court concluded the judgment was not a binding court order establishing Sohntee was entitled to intestate succession because section 6453, subdivision (b) states that a

5

natural parent and child relationship may not be established under Family Code section 7630, subdivision (c) unless a condition is met, and the court inferred this condition could not be established by an order in a Family Code section 7630, subdivision (c) child support proceeding.  The court interpreted section 6453, subdivision (b) as a prohibition on allowing a child support order to establish parentage:  "Based upon the statute's specific language and context, subdivision (b)(1) refers to a court order separate from the Family Code section 7630 child support action.  Here, there is no evidence of a court order 'entered during the parent's lifetime declaring parentage.'  If the Legislature intended for any default child support judgment to constitute a court order determining the status of natural parent, it would have so stated.  Instead, it created a 'court order' exception to the prohibition of allowing a child support order to establish such a status."  In context, given that the judgment contained an order declaring parentage, it appears the trial court erroneously concluded a separate order is required under section 6453, subdivision (b)(1), even though a child support action can adjudicate both parentage and support.  This interpretation of section 6453, subdivision (b) is erroneous.

As a threshold matter, Family Code section 7630, subdivision (c) does not only apply to child support proceedings.  (See Fam. Code, § 7630, subd. (c) ["an action to determine parentage may be brought by the child, a personal representative of the child, the Department of Child Support Services, a presumed parent or the personal representative or a parent of that presumed parent if that parent has died or is a minor, or, when the natural mother is the only presumed parent or an action under Section 300 of the Welfare and Institutions Code or adoption is pending, a man alleged or claiming to be the father or the personal representative or a parent of the alleged father if the alleged father has died or is a minor"].)  Indeed, courts apply the requirements of section 6453, subdivision (b) to probate proceedings similar to this one when adjudicating the existence of a natural parent and child relationship.  (See, e.g., *Estate of Britel* (2015) 236 Cal.App.4th 127, 135; *Estate of Chambers* (2009) 175 Cal.App.4th 891, 896.)  Section

6453, subdivision (b) is not a prohibition on the use of child support orders to establish parentage for purposes of intestate succession. As our Supreme Court has explained, "section 6453 restricts the means by which a relationship of a natural parent to a child may be established for purposes of intestate succession. [Citation.] Under section 6453, subdivision (a), a natural parent and child relationship is established where the relationship is presumed under the Uniform Parentage Act and not rebutted. (Fam. Code, § 7600 et seq.) . . . [¶] Alternatively, and as relevant here, under . . . section 6453, subdivision (b), a natural parent and child relationship may be established pursuant to section 7630, subdivision (c) of the Family Code, if a court order was entered during the father's lifetime declaring paternity." (*Estate of Griswold, supra*, 25 Cal.4th at p. 921, fns. omitted.) In other words, the restriction on the use of court orders is a temporal one.

Neither the trial court nor Angela offer any case law that supports interpreting section 6453, subdivision (b) as a prohibition on the use of child support proceedings to establish parentage for purposes of intestate succession. Nor have we found any. We disagree with the trial court's and Angela's assertions that the language of the statute or the policy set forth in the Uniform Parentage Act in the natural parent requirements supports this interpretation. We also disagree with Angela's suggestion that the legislative history supports this interpretation. What is now section 6453, subdivision (b) was enacted in 1983.[4] (*Estate of Sanders* (1992) 2 Cal.App.4th 462, 473.) As originally introduced in the Legislature, subdivision (b) provided that " '[f]or purposes of intestate succession, a parent and child relationship exists where such relationship is (1) presumed and not rebutted pursuant to the Uniform Parentage Act, Part 7 (commencing with

---

[4] Sohntee has filed two requests for judicial notice of legislative history from 1975. Angela has filed one. We deferred ruling on Sohntee's first request pending calendaring and assignment of the panel. We now deny all of these requests as irrelevant to our interpretation of the language at issue in this appeal.

[former] Section 7000) of Division 4 of the Civil Code, or (2) established pursuant to the Uniform Parentage Act. *Nothing in this subdivision limits the methods by which the relationship of parent and child may be established.*' " (*Sanders, supra*, at p. 472.) The Law Revision "[C]ommission stated the second sentence of this version of . . . subdivision (b) 'makes clear that the parent and child relationship may be established in such other proceedings as a child support action.' " (*Ibid*.) During the legislative process, subdivision (b)(2) was amended to provide that " '[a] parent and child relationship may be established pursuant to any other provisions of the Uniform Parentage Act, except that the relationship may not be established for the purposes of intestate succession by an action under subdivision (c) of [former] Section 7006 of the Civil Code [now Family Code section 7630] unless either (i) a court order was entered during the father's lifetime declaring paternity or (ii) paternity is established by clear and convincing evidence that the father has openly and notoriously held out the child as his own.' " (*Sanders, supra*, at p. 473.) This provision, which was subsequently enacted, "significantly restricted the methods of establishing paternity in probate proceedings." (*Ibid*.) Specifically, it " 'require[s] that if a court order establishing paternity under subdivision (c) of [former] Section 7006 of the Civil Code [now Family Code section 7630] is entered after the father's death it must, for the purposes of intestate succession, be supported by clear and convincing evidence that the father has openly and notoriously held out the child as his own.' " (*Ibid*.) In other words, "the intent of the Legislature [was] to discourage dubious paternity claims made after a father's death for the sole purpose of inheritance." (*Id*. at p. 474.) Section 6453, subdivision (b) is not, as the trial court concluded, a prohibition on using child support proceedings to establish parentage.

Section 6543, subdivision (b)(1) has been uniformly understood to be satisfied by any court order entered during the father's lifetime that declares his paternity. (See, e.g., *A.S. v. Miller* (2019) 34 Cal.App.5th 284, 296 [explaining that a nonmarital child can establish he or she is entitled to take from decedent father by producing a court order

8

entered during the father's lifetime declaring paternity pursuant to § 6453, subd. (b)(1)]; *Estate of Shellenbarger* (2008) 169 Cal.App.4th 894, 898-899 [divorce decree and support order].) Section 6453, subdivision (b)(1) does not prohibit default judgments in child support proceedings that reflect a parentage determination from being used to establish paternity for probate purposes. The trial court erred in concluding that it does.

Angela's attempts to suggest alternative grounds for affirming the trial court's order are unavailing.

Angela asserts the default order has no preclusive effect because she was not a party to the child support action and she and Sohntee were not aware of it. Our determination that the trial court erred is not based on an application of res judicata or collateral estoppel but rather the application of section 6453, subdivision (b)(1). Regardless, Angela's argument is based on a factual predicate not found true by the trial court. The judgment indicates Angela and Sohntee were both parties to the child support action. Further, she incorrectly relies on authority explaining that "[a] clerk's entry of default"—as opposed to a default judgment—"possesses none of the characteristics of a preclusive judgment." (See *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 534; see *id*. at p. 533 ["Nothing in this record can be viewed as a default judgment"].) We reject Angela's assertion that we should affirm the trial court's order on the basis that the Orange County judgment has no preclusive effect.

Angela argues Sohntee did not establish parentage under section 6453, subdivision (b)(1) because there was no order under the Uniform Parentage Act. Applying a rebuttable presumption under the Uniform Parentage Act is one method of establishing a parent and child relationship under the Uniform Parentage Act. (*Griffith v. Gibson* (1977) 73 Cal.App.3d 465, 470-471.) Section 6453, subdivision (b) provides that, with exceptions, "[a] natural parent and child relationship may be established pursuant to any other provisions of the Uniform Parentage Act." An action under Family Code section 7630 is another method of establishing a parent and child relationship under the Uniform

9

Parentage Act. (*Griffith, supra*, at p. 471.) Angela disagrees with the trial court's conclusion that the Orange County judgment was sought pursuant to Family Code section 7630, subdivision (c). She argues the Department of Child Support Services of Orange County assumed Sohntee was Jazlynn's father and sought support under Family Code section 17400 et seq., which is not a part of the Uniform Parentage Act. This is unpersuasive. The record supports Sohntee's assertion that the judgment was issued in an action to determine parentage that was part of a child support matter. Proceedings under Family Code section 17400 et seq. to establish parentage and child support are governed by the Uniform Parentage Act.[5] (See *Elisa B. v. Superior Court* (2005) 37 Cal.4th 108, 113, fn. 2, 116 [explaining question of parentage raised in child support action was governed by the Uniform Parentage Act].) We disagree with Angela's suggestion that we may affirm the trial court's order on the basis no order was entered under the Uniform Parentage Act.

Nonetheless, as we will discuss next, a previous court order declaring paternity does not preclude an argument that the parent is not entitled to inherit under section 6452.

B.      *Whether Sohntee is Barred from Inheriting Under Section 6452*

Sohntee argues he was not barred from inheriting under section 6452. As previously set forth, section 6452 prevents a parent who "did not acknowledge the child" from inheriting from or through the child. (§ 6452, subd. (a)(2).) The trial court found that because Sohntee failed to present sufficient credible evidence of a parent and child relationship, this section did not apply at all. On appeal, Sohntee acknowledges the trial court did not reach the question of whether he was barred because he did not acknowledge Jazlynn, and argues the undisputed record establishes he was not barred.

---

[5] Because we find Angela's arguments unavailing, we need not address whether the underlying probate proceeding itself established a parent and child relationship under the Uniform Parentage Act within the meaning of section 6453, subdivision (b).

The trial court's ruling with respect to whether Sohntee openly held out Jazlynn as his child under section 6453, subdivision (b)(2) indicates it may not have found Sohntee's evidence of acknowledgement under section 6452 credible. Because the record does not indicate the evidence regarding Sohntee's acknowledgement of Jazlynn is undisputed, we remand for the trial court to address it in the first instance.

## III. DISPOSITION

The court's September 13, 2024 order is reversed. The matter is remanded for further proceedings consistent with this opinion. Sohntee Laray Webb shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/S/
RENNER, J.

We concur:

/S/
DUARTE, Acting P. J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.